## Barone Appeal

*Lawrence F. Flick,* for appellant.
*James J. Phelan,* for appellee.

HONEYMAN, J., January 12, 1972.—This is an appeal from the Liquor Control Board's refusal to renew appellant's retail dispenser eating place license. The pertinent facts which bear upon the issue of the propriety of this decision are: On November 26, 1969, Charles A. Barone surrendered his retail dispenser eating place license to the Liquor Control Board because he had obtained a restaurant liquor license for the same premises. Negotiations immediately ensued for the eventual transfer of this retail dispenser eating place license, subject to the board's approval. At the same time, appellant applied for and was granted a renewal of this license for a period of one year, same expiring on January 31, 1970. Previously, the Liquor Control Board had acknowledged receipt of this license and had advised appellant that it would hold it in safekeeping for one year from the date of receipt, i.e., November 28, 1969. On November 12, 1970, appellant requested an extension of the safekeeping status as he was negotiating the transfer of the license.

Such an extension was not granted by the board. On November 25, 1970, a letter was sent by the board to appellant, which by the time it was received on November 30, 1970, was notice that the safekeeping period had elapsed and could not be extended except if there was an application for transfer pending with the board. Appellant filed everything required for the renewal of the license in timely fashion. At executive session on January 13, 1971, the Liquor Control Board refused the application for renewal. Upon appellant's request, a hearing was granted by the board, same was held on March 10, 1971, and by order of March 22, 1971, the board reiterated its decision of refusal to renew the subject license. From that decision, appellant appealed to this court.

The board gave as its reasons for refusal to renew

the license that (1) it was cancelled at the expiration of the one-year period after date of receipt by the board, and (2) appellant failed to reactivate the license by transfer within the one-year period, the support for both reasons being the board's regulation 115.13. The text of that regulation is as follows:

"No individual, partnership, association, or corporation, shall hold more than one retail license of the same type to cover the same establishment.

"No retail licensee shall be granted a new retail license to cover the same establishment for which he already holds a retail license of a different type. In the event an application for a new retail license of a different type is approved, the license which is then in effect in the name of the applicant for that establishment must be surrendered to the board for cancellation before the new license is actually issued.

"In the event an application for transfer of an existing retail license of a different type to the premises already licensed is approved, the license which is then in effect in the name of the applicant for that establishment must be surrendered to the board before the transferred license is actually issued in the applicant's name. In such case the license which has been surrendered to the board or any renewal thereof in possession of the board shall be held available for the benefit of the licensee solely for transfer for a period which shall not exceed one year from the date of surrender. In the event that a transfer of the license is not effected within the said one year period, the license shall automatically be cancelled and there shall be no refund of the license fee or any portion thereof; provided, however, that any transfer application pending at the expiration of the said one year period may be processed to conclusion."

Authority for the promulgation of regulations by

the board is found in section 2-207(i) of the Liquor Code of April 12, 1951, P. L. 90, 47 PS 2-207(i):

"Under this act, the board shall have the power and its duty shall be: ...

"(i) From time to time, to make such regulations not inconsistent with this act as it may deem necessary for the efficient administration of this act, . . . Such regulations adopted by the board shall have the same force as if they formed a part of this act."

The Liquor Code itself makes specific reference to surrendering licenses for safekeeping by the board in only two situations: (1) when the licensee is in the military service (47 PS §4-470 (c)), and (2) when the licensee is a club: 47 PS §474. Neither of these situations would be applicable herein.

Section 4-470(a) of the Liquor Code contains the general provisions for the renewal of licenses by the board and it is mandatory that the board renew licenses except for one of three reasons, only one of which could be applicable here, to wit: ". . . unless the premises do not meet the requirements of this act or the regulations of the board . . ."

Clearly, appellant did not have the required premises for the renewal of the license because he had no premises whatsoever to which the license could pertain. In promulgating regulation 115.13, the board apparently attempted to equitably cover the type of situation herein in the light of the license quotas established in section 4-461 of the Liquor Code, 47 PS §4-461, by providing a safekeeping period of one year within which the licensee could complete a transfer to another person and another premises, probably based upon the general disfavor with which the law looks upon forfeitures. This appellant failed to effectuate such transfer within one year from the receipt of his license by the board, nor did he arrange

to have pending with the board a transfer application at the date of expiration of the one-year period. Therefore, there was no discretion vested in the board for it to abuse, as appellant has vigorously contended in this appeal.

In a case involving different facts, it might well be successfully argued that the board's regulation 115.13 went beyond that which it was enabled to do by the Liquor Code, since the legislature had only created two types of "surrender" situations as mentioned hereinbefore, and, therefore, the legislative intent was not to permit the surrendering of licenses for safekeeping in any other regards. However, we are not required to do so herein, and will not.

The contention of appellant that another portion of section 4-470 of the Liquor Code controls because it allegedly conflicts with regulation 115.13, is erroneous.

". . . Unless the board shall have given ten days' previous notice to the applicant of objections to the renewal of his license, based upon violation by the licensee or his servants, agents or employees of any of the laws of the Commonwealth or regulations of the board relating to the manufacture, transportation, use, storage, importation, possession or sale of liquors, alcohol, or malt or brewed beverages, or the conduct of a licensed establishment, . . . the license of a licensee shall be renewed . . ."

Clearly this has no applicability to the factual situation herein. No objections to the renewal of the license were filed with the board, nor were any raised by the board. It is undisputed that throughout the 15 years appellant operated his establishment under this license, he had no citations for any violations of the code nor the board's regualtions. It is likewise undisputed that he is of good character and reputa-

tion. Therefore, there was nothing for the board to give notice about to appellant. It is unfortunate that appellant did not successfully conclude his negotiations to transfer his license within the one-year period, and we recognize the financial loss to him resulting therefrom. However, for the reasons set forth above, we are powerless to relieve him therefrom.

## ORDER

And now, this January 12, 1972, the order of the Liquor Control Board dated March 22, 1971, is affirmed, and the appeal dismissed